IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| JOHN W. RINGER ) | |
| ) | Case No. 15-03064-CR-S-MDH |
| Defendant, ) | |

**MEMORANDUM**

Here comes John W Ringer to bring forth new discovered evidence to this Honorable Court. SORNA is clear on the fact who and when the Act is applied to. Since the defendant was only 17 and the case was pre-SORNA the only part of the act that the court can look at is the juvenile guidelines. The SMART office handles the implementation and to conform to the act's guidelines as Congress intended.

It is my believe that this Honorable Court erred in overlooking the guidelines set forth through the SMART office and did not compare my juvenile offense with the Federal offence of the same crime.

I was adjudicated in the state of Ohio for 2907.02 (A)(1)(b) Ohio Revised Code being Rape if committed by an adult. In comparison the Federal statue would be 18 U.S.C. 2241 (c).

Juvenile offenders required to register under SORNA according to the fact sheet provided on the U.S. Department of Justice, the jurisdictions would only have to register a juvenile if

- Engaging in a sexual act with another by force or the threat of serious violence (18 U.S.C. 2241 (a))
- Engaging in a sexual act with another by rendering unconscious or involuntarily drugging the victim (18 U.S.C. 2241 (b)).

The fact sheet goes on to say:

" To meet the minimum standards of substantial compliance under the Final Guidelines, jurisdiction <u>are not required</u> to register juveniles adjudicated delinquent of a SORNA sex offense simply because it involves a sexual act with a person under a person under 12 (<u>18 USC 2241 (c) ),</u> without more.

## CONCLUSION

For all the aforementioned reasons, Mr. RINGER respectfully requests this Honorable Court to vacate his conviction.

Submitted this _18th_ day of _August_ 2020

_____
John William Ringer Pro Se
11 S Church St
Jamestown, OH 45335

## CERTIFICATE OF SERVICE

I, John W. Ringer, here by certify that on the _18th_ day of _August_, 2020, I placed in Motion 2255
    With U.S. Postal Service for mailing to the following parties:

_____
John William Ringer



# Juvenile Offenders Required to Register Under SORNA: A Fact Sheet

Section 111 of the Adam Walsh Act, codified at 34 U.S.C. § 20911, governs the applicability of SORNA's sex offender registration requirements to juvenile offenders who are adjudicated delinquent of a sex offense. 34 U.S.C. § 20911(8) provides that:

> The term "convicted" or a variant thereof, used with respect to a sex offense, includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years of age or older at the time of the offense and the offense adjudicated was <u>comparable to or more severe than aggravated sexual abuse</u> (as described in section 2241 of title 18, United States Code [18 USCS § 2241]), or was an attempt or conspiracy to commit such an offense.

Generally speaking, 18 USC § 2241 prohibits:

> (a)  knowingly caus[ing] another person to engage in a <u>sexual act</u>--
> (1) by using force against that other person; or
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping; [or
> (b)  engaging in a <u>sexual act</u> with another by rendering unconscious or involuntarily drugging the victim; or
> (c)  engaging in a <u>sexual act</u> with a person under the age of 12]

Under the Final Guidelines, the definition of "sexual act" that jurisdictions are minimally required to use to determine whether a criminal offense is "<u>comparable to</u>" 18 U.S.C. § 2241 is as follows:

- engaging in a sexual act with another by force or the threat of serious violence (*see* 18 U.S.C. 2241(a)); or
- engaging in a sexual act with another by rendering unconscious or involuntarily drugging the victim (*see* 18 U.S.C. 2241(b)).

> "Sexual act" for this purpose should be understood to include any degree of genital or anal penetration, and any oral-genital or oral-anal contact.

To meet the minimum standards of substantial compliance under the Final Guidelines, jurisdictions <u>are not required</u> to register juveniles adjudicated delinquent of a SORNA sex offense simply because it involves a sexual act with a person under 12 (18 USC § 2241(c)), without more.

By definition, an adjudication of delinquency for an offense 'comparable to' 18 U.S.C. §2241 will result in a tier III registration classification. 34 U.S.C. § 20911(4). The Final Guidelines make clear the criteria to be used in determining whether an offense for which a juvenile has been adjudicated delinquent qualifies for a tier III registration:

> [J]urisdictions generally may premise the determination on the elements of the offense, and are not required to look to underlying conduct that is not reflected in the offense of conviction.

In the Court of Common Pleas, Juvenile Court Division, Greene County, Ohio

**COMPLAINT**
**(CHILD OR CHILDREN)**
Revised Code, Sec. 2152.021

2002 JUL 16 PM 3:08

FILED
JUDGE JUVENILE DIVISION
COURT OF COMMON PLEAS

IN THE MATTER OF:

JOHN W. RINGER

Case No. 34652

Alleged Delinquent Child

The undersigned, after being duly sworn, according to law, says that Lt. Donahue, Xenia Police Department, has knowledge of a certain child, to wit:

JOHN W. RINGER, age 17 years, D.O.B. 7/3/1985, who appears to be a delinquent child, in that

JOHN W. RINGER, did, in Greene County, Ohio, on or about July 10, 2002, engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when the other person is less than thirteen years of age, whether or not the offender knows the age of the other person, contrary to and in violation of Ohio Revised Code Section 2907.02 (A)(1)(b) and 2152.02 (F) and against the peace and dignity of the State of Ohio. (Being Rape, a felony of the first degree, if committed by an adult)

Complainant further says: That said child now resides at 906 Tomahawk Trail, Xenia, Ohio 45385.

That the names and addresses of the parents of said child are Teresa L. Moore residing at the same residence as the child.

That said child is currently in the care and custody of his mother.

And that the following are facts concerning the present circumstances of said child which the Court should have available for consideration.

AAT/ah AAT
7/16/2002

_____
Complainant

Xenia Police Av.
_____
Complainant's Address

Sworn to before me and signed in my presence, this 16th day of July, 2002.

_____
JUDGE

by _____
Deputy Clerk

## COURT OF COMMON PLEAS
## JUVENILE DIVISION
## GREENE COUNTY, OHIO

FILED
GREENE COUNTY, OHIO
2002 SEP 19 PM 2: 21
JUDGE JUVENILE DIVISION
COURT OF COMMON PLEAS

In The Matter of                                JUDGEMENT

John Ringer

Delinquent Child                                Case No. 34652

    This matter came on for hearing on September 19, 2002. Present in Court were John, his parents, Attorney Sullivan, Becky Rueben from victim witness and Assistant County Prosecutor Tornichio. The child's request to withdraw his previous denial to the offense of Rape, a felony of the 1st degree if committed by an adult and admit to same was granted.

    It is ordered that the Court accept said admission and find the child to be delinquent as alleged.

    It is ordered that the following be imposed:

The matter of disposition is continued.
Child remanded to detention.
Holly Hester is ordered to conduct a pre-dispositional investigation.

    The Clerk shall serve upon all parties not in default for failure to appear, notice of the judgment and its date of entry upon the journal.

                                                          Robert W. Hutcheson, Judge

CC:
Ms. Hester
Pros.
Victim Witness
Mr. Sullivan

COMPUTER

LAW Writer® Ohio Laws and Rules

Search ORC:

Ohio Administrative Code Home Help

Route:

- Ohio Revised Code
- » Title [29] XXIX CRIMES - PROCEDURE
- » Chapter 2907: SEX OFFENSES

**2907.02 Rape.**

(A)

(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.

(B) Whoever violates this section is guilty of rape, a felony of the first degree. If the offender under division (A)(1)(a) of this section substantially impairs the other person's judgment or control by administering any controlled substance , as defined in section 3719.01 of the Revised Code to the other person surreptitiously or by force, threat of force, or deception, the prison term imposed upon the offender shall be one of the definite prison terms prescribed for a felony of the first degree in division (A)(1)(b) of section 2929.14 of the Revised Code that is not less than five years, except that if the violation is committed on or after the effective date of this amendment, the court shall impose as the minimum prison term for the offense a mandatory prison term that is one of the minimum terms prescribed for a felony of the first degree in division (A)(1)(a) of section 2929.14 of the Revised Code that is not less than five years. Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. If an offender is convicted of or pleads guilty to a violation of division (A)(1)(b) of this section, if

the offender was less than sixteen years of age at the time the offender committed the violation of that division, and if the offender during or immediately after the commission of the offense did not cause serious physical harm to the victim, the victim was ten years of age or older at the time of the commission of the violation, and the offender has not previously been convicted of or pleaded guilty to a violation of this section or a substantially similar existing or former law of this state, another state, or the United States, the court shall not sentence the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, and instead the court shall sentence the offender as otherwise provided in this division. If an offender under division (A)(1)(b) of this section previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of this section or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of this section, if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, or if the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole. If the court imposes a term of life without parole pursuant to this division, division (F) of section 2971.03 of the Revised Code applies, and the offender automatically is classified a tier III sex offender/child-victim offender, as described in that division.

(C) A victim need not prove physical resistance to the offender in prosecutions under this section.

(D) Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.

(E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial.

(F) Upon approval by the court, the victim may be represented by counsel in any hearing in chambers or other proceeding to resolve the admissibility of evidence. If the victim is indigent or otherwise is unable to obtain the services of counsel, the court, upon request, may appoint counsel to represent the victim without cost to the victim.

(G) It is not a defense to a charge under division (A)(2) of this section that the offender and the victim were married or were cohabiting at the time of the commission of the offense.

Amended by 132nd General Assembly File No. TBD, SB 229, §1, eff. 3/22/2020.

Amended by 132nd General Assembly File No. TBD, SB 201, §1, eff. 3/22/2019.

Effective Date: 06-13-2002; 01-02-2007; 2007 SB10 01-01-2008.

FROM:

John W. Ringer  
11 S. Church St  
Jamestown, OH 45335

TO:

Clerk, United States District Court  
for Western Missouri, Springfield  
222 N. John Q Hammons Parkway  
Springfield, MO 65806

DO NOT BEND  
9" X 9"





U.S. POSTAGE PAID  
FC PKG RTL  
XENIA, OH  
45385  
AUG 18, 29  
AMOUNT  
$9.60  
R2304N117886-24

7020 0090 0001 2911 5049