# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JOHN WILLIAM RINGER ,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 20-03270-CV-S-MDH
Crim No. 15-03064-01-CR-S-MDH

## GOVERNMENT'S MOTION TO DISMISS AS UNTIMELY MOVANT'S MOTION UNDER 28 U.S.C. § 2255

The respondent, the United States of America, respectfully urges this Court to dismiss the motion under 28 U.S.C. § 2255 filed by the movant, John William Ringer. Ringer's motion was filed over one year after his conviction became final, rendering it untimely. Consequently, this Court should summarily dismiss Ringer's motion. The Government further asks this Court to stay the order directing the Government to show cause pending a ruling on the motion to dismiss.

## I. Procedural History

On June 16, 2015, the grand jury returned a one-count indictment in the Western District of Missouri, charging Ringer with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). (Crim. D.E. 1.)[1] On January 19, 2016, Ringer appeared before

---

[1] "Crim. D.E." refers to the docket entries in Ringer's underlying criminal case, No. 15-03064-01-CR-S-MDH.

this Court and entered a plea of guilty to the indictment with a written plea agreement. (Crim. D.E. 27, 28.)

On June 29, 2016, this Court sentenced Ringer to 18 months' imprisonment, to be followed by five years' supervised release. (Crim. D.E. 31.) The written judgment was entered on July 1, 2016. (Crim. D.E. 32.) Ringer did not appeal. The date the judgment becomes final, for purposes of § 2255(f)(1), is the date when the time for filing an appeal expires. *See Fletcher v. United States*, 858 F.3d 501, 504 (8th Cir. 2017). Consequently, Ringer's conviction became final on July 15, 2016.

Among Ringer's many post-sentencing issues, a final revocation hearing of supervised release was held before the Court on June 4, 2018. (Crim. D.E. 49.) Ringer admitted that he violated the condition of his post-release supervision that "[t]he defendant shall not possess or use any computer or electronic devices with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network." (Crim. D.E. 50 at 1.)

Ringer mailed his signed § 2255 motion with a postmark of what appears to be August 24, 2020, which was received and filed by this Court on August 26, 2020. (Crim. D.E. 61; Civ. D.E. 1.)[2] A motion for post-conviction relief generally must be filed within one year of when a defendant's conviction became final. 28 U.S.C. § 2255(f)(1). The motion in this case was filed four years after Ringer's conviction became final, and therefore, his motion is untimely.

---

[2]"Civ. D.E." refers to the docket entries in this case, No. 20-03270-CV-S-MDH.

## II. Discussion

### A. *Ringer's Untimely Motion Should Be Dismissed*

Within his motion, Ringer provides conclusory, unsupported allegations that the Sex Offender Registration and Notification Act (SORNA) does not apply to him; the Court lacked jurisdiction to convict him of a SORNA violation; ineffective assistance of counsel for failing to investigate and provide evidence that SORNA does not apply to him; and that this new evidence proves his innocence. Ringer provides absolutely no discussion or evidence to support any of his conclusory allegations. Even a *pro se* movant must identify facts that support his claims of error. *See, e.g., Blackledge v. Allison*, 431 U.S.63, 75-76 (1977); *see also* Rule 2 of the Rules Governing Section 2255 Proceedings. "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison,* 431 U.S. at 74 (citing *Machibroda v. United States*, 368 U.S. 487, 495-96 (1962)).

Ringer's claims are devoid of any evidence supporting claims, other than his own self-serving, conclusory statements which contradict his sworn testimony at his plea. Consequently, Ringer's motion should be dismissed as untimely. Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 motion must be filed within one year of the latest of –

> (1) the date the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

States is removed, if movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Clearly, under § 2255(f)(1), Ringer's § 2255 motion is out of time. An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Fletcher*, 858 F.3d at 504. The judgment in Ringer's case was entered on July 1, 2016. (Crim. D.E. 32.) Had Ringer wished to file an appeal, he was required to do so within 14 days of his judgment being filed. *See* Fed. R. App. P. 4(b)(1)(A)(i). Because Ringer did not appeal his sentence, his judgment became final on July 15, 2016. Ringer had until July 15, 2017, to timely file the instant § 2255 motion.

Ringer indicated on his § 2255 motion the day he signed it was August 18, 2020; however, he mailed it on August 24, 2020 (Civ. D.E. 1 at 12), and it was received and filed by this Court on August 26, 2020. (Civ. D.E. 1.) In order for Ringer's § 2255 motion to benefit from the prison mailbox rule, Ringer must comply with Rule 4(c) of the Federal Rules of Appellate Procedure. *See Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) ("A prisoner seeking to benefit from the prison mailbox rule must satisfy the requirements of Rule 4(c) whether he files a notice of appeal, a habeas petition, or a § 2255 motion"). Ringer bears the burden of proving his entitlement to obtain the prison mailbox rule's benefit. *Id*. at 917. Rule 4(c) provides, in pertinent part, that

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and:
>
> (A) it is accompanied by:
>
> > (i) a declaration in compliance with 28 U.S.C. § 1746 – or a notarized statement – setting out the date of deposit and stating that first-class postage is being prepaid; or
> >
> > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid. . . .

Ringer did not provide a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement setting out the date of deposit; however, his envelope indicates it was postmarked, with postage paid, on or about August 24, 2020. Fed. R. App. P. 4(c)(ii). (Civ. D.E. 1 at 13.) Since Ringer's § 2255 motion was filed past the deadline of July 15, 2017, it is barred by the one-year limitation contained in § 2255(f)(1), and should be dismissed as untimely. *See*, *e.g.*, *Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003) (affirming dismissal of untimely habeas corpus petition).

## B. *Ringer Cannot Establish Equitable Tolling*

Ringer may only avoid the one-year limitation if he can establish equitable tolling. *See Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013). "The one-year statute of limitation may be equitably tolled 'only if [the movant] shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.'" *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010)); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Equitable

tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" or "when conduct of [the government] has lulled [the petitioner] into inaction"). "'Equitable tolling is an exceedingly narrow window of relief.'" *Deroo v. United States*, 709 F.3d 1242, 1246 (8th Cir. 2013).

Ringer claims in his motion the following:

> Since my conditions set forth at sentencing had sex offender special conditions. I was not able to do my dilgents [sic] to be able to research the proper paperwork until January 2020 when the internet restriction was removed from my conditions.

(Civ. D.E. 1 at 11.) Other than the aforementioned ambiguous statement, Ringer provides no evidence, nor does he allege, that he has pursued his rights in a diligent manner or that some extraordinary circumstance prevented him from timely filing his § 2255 motion by July 15, 2017. *See Muhammad*, 735 F.3d at 815 (defendant was not diligent because "[h]e does not claim he was prohibited from contacting the court or was denied any mail sent from the court"); *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding equitable tolling inapplicable because no extraordinary circumstances where defendant fails to timely file due to misunderstanding proper procedure).

Furthermore, Ringer's claim that the internet restrictions prevented his ability to research his alleged issue is simply not true. First, as is clearly set out under the special conditions of his post-release supervision, Ringer could have requested and received approval from his probation officer to have internet and computer access. (Crim. D.E. 32 at 5, ¶ k.) There is no evidence that Ringer made such a request or exhausted many of the other avenues available to him to conduct a records search regarding his prior criminal

history.  Secondly, Ringer's claim that he did not have access to a computer or internet to conduct his alleged research is contradicted by the fact that his post-release supervision was revoked on June 4, 2018, because he had been using a computer and the internet without the prior approval of the probation office.  (Crim. D.E. 50 at 1.)  Furthermore, Ringer could have readily had access to the internet while serving his sentence with the Bureau of Prisons, yet has failed to provide any evidence that he diligently pursued his rights during his period of incarcerations.  Ultimately, Ringer's claims of being prevented to diligently follow up on this alleged issue goes entirely unsupported and accordingly, the instant motion should be dismissed.

## III.  Conclusion

The Government respectfully requests this Court to stay the order directing the Government to respond to the merits of Ringer's individual claims pending a ruling on the Government's motion to dismiss.  If this Court should determine that the untimeliness of Ringer's motion does not, for some reason, bar consideration of the merits, the Government requests the opportunity to respond on the merits to the claims Ringer has raised.  However, since it is clear that Ringer's motion has been filed out of time by over three years, it should be summarily dismissed by this Court without further proceedings.

For all of the reasons and authorities previously outlined, the Government respectfully requests this Court to dismiss, with prejudice, Ringer's untimely motion under 28 U.S.C. § 2255, and stay the order directing the Government to show cause pending a ruling on its motion to dismiss.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

By  */s/ Patrick Carney*

PATRICK CARNEY
Assistant United States Attorney

901 St. Louis Street, Suite 500
Springfield, Missouri 65806-2511
Telephone: (417) 831-4406

*Attorneys for Respondent*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 14, 2020, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and mailed to the movant at:

John William Ringer, *Pro Se*
11 South Church Street
Jamestown, Ohio 45335

*/s/ Patrick Carney*
Patrick Carney
Assistant United States Attorney