# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

JOHN WILLIAM RINGER,      )
                              )
      Movant,                )
                              )     Case No.   20-3270-CV-S-MDH-P
      v.                     )     Crim. No.  15-3064-01-CR-S-MDH
                              )
UNITED STATES OF AMERICA,   )
                              )
      Respondent.        )

## ORDER DISMISSING CASE AND
## DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Movant pled guilty to one count of failing to register as a sex offender, and the Court sentenced him to 18 months' imprisonment. Crim. Doc. 32 (judgment). Movant did not appeal, but he has filed this case *pro se*, seeking relief pursuant to 28 U.S.C. § 2255. Doc. 1 (§ 2255 motion).

Respondent has moved to dismiss this case, arguing that it was untimely filed. Doc. 6 (motion to dismiss). A one-year period of limitation applies in this case, and it began to run on the date on which the judgment of conviction against Movant became final. § 2255(f)(1). Respondent correctly states that the judgment against Movant became final on July 15, 2016, Doc. 6, p. 2 (motion to dismiss), making his deadline for filing this case July 15, 2017. Movant signed his § 2255 motion over three years late, on August 18, 2020. Doc. 1, p. 12.

The doctrine of equitable tolling provides "an exceedingly narrow window of relief" in habeas corpus cases that otherwise would be time-barred and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001) (citations omitted). Primarily, Movant attributes his

failure to satisfy the one-year period of limitation in this case to his need to defend other criminal cases and his transfer to other prisons. Doc. 8, p. 1 (suggestions in opposition to motion to dismiss). The Court finds that Movant has failed to cite "extraordinary circumstances" that justify his extreme tardiness in filing this case. As such, the Court must dismiss this case without further review of Movant's claims. *See United States v. Craycraft*, 167 F.3d 451, 456-57 (8th Cir. 1999) (court may not consider the merits of untimely claims).

Therefore, Respondent's motion to dismiss (Doc. 6) is granted, Movant's motion for leave to proceed as a pauper and for the appointment of counsel (Doc. 9) is denied as moot, and this case is dismissed as having been untimely filed. Finally, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (certificate of appealability may be issued "only if [Movant] has made a substantial showing of the denial of a constitutional right"). The Clerk of the Court shall enter judgment accordingly and dismiss this case.

So **ORDERED**.

/s/ M. Douglas Harpool
M. DOUGLAS HARPOOL
UNITED STATES DISTRICT JUDGE

Dated: December 14, 2020